Jeremy E. Shulman (# 257582)
  jshulman@afrct.com
Scott T. Reigle (# 288515)
  sreigle@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP
301 N. Lake Ave, Suite 1100
Pasadena, CA  91101-4158
Tel:  (626) 535-1900 | Fax:  (626) 577-7764

Attorneys for Defendants
WELLS FARGO BANK, N.A., and
BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD IVAN GUARDIA,<br><br>Plaintiff,<br><br>v.<br><br>AFFINIA DEFAULT SERVICES, LLC, a California organization, with California registered agent (C3730769); Bank of America National Association; Wells Fargo Bank, National Association; DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO.: 2:18-cv-08965-DSF-GJS<br><br>**DEFENDANTS WELLS FARGO AND BANK OF AMERICA'S REPLY IN SUPPORT OF THE MOTION TO DISMISS**<br><br>Date:  December 3, 2018[1]<br>Time:  1:30 p.m.<br>Ctrm:  7D<br><br>[*Assigned to the Hon. Dale S. Fischer*] |

---

[1] Following plaintiff's filing of an untimely opposition brief, the Court entered an order extending Wells Fargo and U.S. Bank's time to file a reply brief until December 3, 2018, the original hearing date.  (Doc. 17).  The motion to dismiss will be taken under submission upon the filing of the reply brief, and there will be no oral argument on the matter unless otherwise ordered by the Court.  *Id*.

## 1. INTRODUCTION

Much like plaintiff's complaint in this case, his untimely opposition brief (Doc. 19) is a confusing and vague pleading. The opposition fails to cite a single authority in opposition to Wells Fargo and Bank of America's motion to dismiss (Doc. 9) ("MTD"), makes numerous inflammatory statements about defense counsel, and improperly includes numerous allegations and attached documents outside of the complaint. If anything, the opposition reveals that the defendants' arguments in the MTD are meritorious, and that the case should be dismissed with prejudice.

## 2. THE OPPOSITION IS AN IMPROPER ATTEMPT TO BOLSTER AND/OR ADD CLAIMS TO THE COMPLAINT

As an initial matter, the opposition contains numerous claims and allegations that are outside of the complaint. For example, as best as defense counsel can determine, plaintiff advances at least seven theories based on claims and allegations not in the complaint:

- Violation of Civil Code §2932.5 (Oppo. at 3:4-15);
- Breach of oral contract not to "conduct an Auction sell in his house until the Court Action BC611064 finished including if it goes to Appeal" (Oppo. at 3:16-5:3; 7:19-21);
- Lack of authority by Affinia Default Services to act as foreclosure trustee (Oppo. at 5:1-7);
- Invalidity of the loan modification and the subsequent foreclosure process (Oppo. at 5:8-6:13);
- Some claim related to an "illegal credit card" (Oppo. at 6:25-26);
- Failure to respond to qualified written requests by plaintiff (Oppo. at 6:26-7:6; 9:2-17);
- Some sort of claim based on credit reporting (Oppo. at 10:17-25).

These "claims" are often supported by additional allegations not present in

the original complaint, and the opposition attaches many exhibits, most of which are not subject to judicial notice and/or do not pertain to the claims in the complaint. (Oppo. Exs. A-E). In addition, plaintiff greatly augments his factual allegations in other places in the opposition. (*See* Oppo. at 7:8-8:25). However, the confusing nature of the opposition makes it impossible to tease out every new claim and allegation in the opposition.

While the defendants would have numerous meritorious defenses to these claims and allegations had they been raised in the complaint, they were not, and need not be addressed in this reply. The attempt to introduce new claims, allegations, and evidence on opposition is totally improper, and should be disregarded. *See McKinney v. Bank of Am. N.A.*, 2016 U.S. Dist. LEXIS 145007, *11, FN4 (S.D. Cal. Apr. 29, 2016) ("Plaintiff argues in her opposition that Defendant failed to timely respond to her QWR. However, this allegation is not included in her TAC and it is improper for Plaintiff to attempt to bolster or add factual allegations in her opposition.").

### 3. THE OPPOSITION FAILS TO DEMONSTRATE THAT THE COMPLAINT DOES NOT VIOLATE RULE 8, NOR THAT THE MAJORITY OF THE COMPLAINT IS NOT BARRED BY RES JUDICATA

The complaint is almost totally devoid of any factual allegations. Virtually every claim is premised on a series of ambiguous conclusions that fail to allege the who, what, when, or how of the harm that plaintiff supposedly suffered. (MTD §3). Further, longstanding jurisprudence establishes that any claim that was or could have been brought prior to entry of judgment in the Second Action on March 27, 2018 is barred by the doctrine of res judicata and/or collateral estoppel. (MTD §4). A review of the allegations and judicially noticeable facts cannot reasonably lead to any other conclusion.

The opposition does not actually refute these arguments. (Oppo. at 6:15-

7:6). Rather, the opposition attempts to improperly augment the complaint's "factual" allegations, but only manages to make the claims more convoluted. If anything, the opposition only supports the conclusion that the complaint violates Rule 8, and that the almost any conceivable claim is barred by res judicata. Even where plaintiff attempts to allege additional facts to get around the res judicata issue, many of the facts alleged arose well before entry of judgment in the Second Action.

If the Court is inclined to grant plaintiff leave to amend the complaint, it should only extend such opportunity to plaintiff on the condition that he allege facts rather than conclusions, and clarify exactly what his claims are. Further, plaintiff must allege specifically that the claims arose after entry of judgment in the Second Action on March 27, 2018.

### 4. PLAINTIFF HAS ABANDONED THE HBOR CLAIMS

As discussed in the MTD, the first two claims for violations of various provisions of HBOR suffer from numerous fatal defects. Namely:

- The claims are pled too indefinitely to invoke statutory remedies (MTD §5(A));
- Due to plaintiff's long prior history of loss mitigation reviews, he is no longer entitled to the protections of HBOR (MTD §5(B));
- The complaint fails to allege any "material" violations of HBOR (*Id*.);
- The Section 2923.5 claim fails because it is barred by the three year statute of limitations, and compliance with the statute has been established by previous judicial proceedings (MTD §5(C)(i));
- The Section 2923.6/2924.18/2924.11 dual tracking allegations fail because the statute was never triggered post Second Action (MTD §5(C)(ii));
- The Section 2923.7 claim fails to allege that plaintiff ever specifically requested a single point of contact, or that any single point of contact

ever failed to properly carry out that role (MTD §5(C)(iii)).

Each of the above arguments is supported by ample analysis of the complaint's allegations and case authority. Yet the opposition does not even mention those claims, let alone try to raise any counter-authority.

By failing to oppose the MTD, plaintiff has abandoned the unmentioned claims, and they should be dismissed with prejudice. *Hall v. Mortgage Investors Group*, 2011 U.S. Dist. LEXIS 105999, *15-*16 (E.D. Cal. Sept. 16, 2011) (discussing failure to oppose a statute of limitations argument as conceding the truth of the argument); *Marin Alliance for Med. Marijuana v. Holder*, 2012 U.S. Dist. LEXIS 96283, *32 (N.D. Cal. July 10, 2012) ("Plaintiffs have failed to oppose Defendants' motion with respect to this claim, which the Court construes as Plaintiffs' absence of dispute with Defendants' arguments and an abandonment of the claim."); citing *Walsh v. Nev. Dep. of Human Res.*, 471 F. 3d 1033, 1037 (9th Cir. 2006).

## 5. THE OPPOSITION FAILS TO RESUSCITATE THE EQUITABLE CLAIMS

The third and fourth claims for declaratory and injunctive relief rely on several disparate theories, each of which are addressed in the MTD:

- Plaintiff cannot bring any claim based on securitization of the loan because he specifically agreed at origination that the loan could be securitized, and fails to allege any prejudice arising from any supposed securitization (MTD §6(A));
- The HBOR basis for the claims fails for reasons already discussed (MTD 15:26-27);
- Paragraph 22 of the deed of trust was not breached because a notice of default was recorded, plaintiff alleges no damages, and it was plaintiff who breached the contract in the first instance (MTD §6(B));
- The provision of RESPA plaintiff complains of was not in force when

the notice of default was recorded, does not apply to a notice of sale in any event, and the complaint alleges no damages (MTD §6(C));

- The complaint does not present any legitimate challenge to the default amount, the notice of default, or the notice of sale (MTD §6(D));
- Declaratory and injunctive relief are remedies, not independent claims (MTD §6(E));
- The complaint fails to allege tender of the debt or any valid reason why tender should not be required (MTD §7(F)).

As with the HBOR claims, each of these points is supported by controlling authorities and analysis of the complaint. While the opposition ostensibly discusses these points, it does not raise any authorities to counter the defendants' arguments. (Oppo. at 9:2-25). In fact, much of the opposition's discussion of these "claims" raises issues outside of the complaint or completely unrelated to the complaint's allegations.

In effect, plaintiff has not opposed any of defendant's arguments. This is an admission that the defendants' arguments are meritorious, and that the MTD should be granted. *Hall*, 2011 U.S. Dist. LEXIS 105999 at *15-*16. The claims should be dismissed with prejudice.

## 6. THE OPPOSITION FAILS TO STATE A VALID REASON WHY PLAINTIFF IS ENTITLED TO AN ACCOUNTING

Plaintiff has no right to an accounting because he is admittedly in default on the loan, and there is no fiduciary relationship between plaintiff and any defendant. (MTD §7). The opposition states nothing to the contrary. (Oppo. at 10:2-8). This concedes the arguments to the defendants. *Hall*, 2011 U.S. Dist. LEXIS 105999 at *15-*16. Dismissal with prejudice is warranted.

## 7. THE UCL CLAIM FAILS FOR THE REASONS STATED IN THE MTD

While the final claim, arising under the UCL, is fatally unclear, it appears to

be based on some fraud theory, as well as the other claims in the complaint. There are three major problems with the claim: (1) plaintiff lacks standing under the statute because he fails to allege the loss of any money or property (MTD §8(A)); (2) the predicate acts forming the basis of the claim are not pled with particularity (MTD §9(B)); and (3) since the other claims in the complaint are fatally defective, they cannot support a UCL claim.  (MTD §8(C)).

The opposition discusses, but does not actually refute, some of these points. (Oppo. at 10:10-25).  As with all the opposition's other arguments, not a single case is raised or discussed.  The opposition yet again effectively fails to oppose the MTD, and it should be granted with prejudice. *Hall*, 2011 U.S. Dist. LEXIS 105999 at *15-*16.

## 8. PLAINTIFF'S CHALLENGES TO THE REQUEST FOR JUDICIAL NOTICE IS OF NO MOMENT

Throughout the opposition, plaintiff states that several documents attached to the request for judicial notice in support of the MTD (Doc. 9) ("RJN") "should be stricken", or some variation thereof. (*See i.e.* Oppo. at 5:8-9). It is unclear in these instances whether plaintiff is challenging the RJN (i.e. the noticeability of the documents), or whether plaintiff is seeking a judicial determination voiding these documents.

If it is the former, there is no valid basis. Each of the exhibits to the RJN are judicially noticeable documents for the reasons set forth in the RJN, and plaintiff cites no authority to the contrary.  If it is the latter, then this is yet another improper attempt to augment the complaint through an opposition brief, and should be disregarded.

## 9. PLAINTIFF'S ISSUE WITH THE MEET AND CONFER IS UNFOUNDED

As a final matter, plaintiff spends an entire page (or more) of the opposition on the meet and confer prior to filing the MTD. (Oppo. at p.2). If anything,

plaintiff's "transcription" of the voicemail left by defense counsel demonstrates the defendants' compliance with L.R. 7-3.

To the extent that plaintiff takes issue with the supposed reference to U.S. Bank in the voicemail casting doubt on defense counsel's representation of Bank of America, that is totally unfounded. Plaintiff relies on an unverified transcription of unknown origin, and any such reference to U.S. Bank, if it did occur, was inadvertent. Further, all of the defendants' papers in this case properly referenced Bank of America, and plaintiff has not demonstrated any way in which he was prejudiced.

## 10. CONCLUSION

The complaint in this action is fatally unclear, denying the defendants proper notice of what they are being accused of, is facially barred by res judicata, and states no claims in any event. The opposition brief only adds to the confusion sewed by the complaint. For all the reasons stated in the MTD, and those above, the Court should dismiss the complaint with prejudice. If the Court is inclined to grant plaintiff leave to amend, it should be conditioned on plaintiff alleging facts that clearly identify his claims, and only in the event the claims arose after March 27, 2018.

Respectfully submitted,

Dated: December 1, 2018

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: _____/s/ Scott T. Reigle_____
Scott T. Reigle
sreigle@afrct.com
Attorneys for Defendants
WELLS FARGO BANK, N.A., and BANK OF AMERICA, N.A.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 N. Lake Ave, Suite 1100 Pasadena, CA 91101-4158

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANTS WELLS FARGO AND BANK OF AMERICA'S REPLY IN SUPPORT OF THE MOTION TO DISMISS**

on the interested parties in said case as follows:

| Served By Means Other than Electronically Via the Court's CM/ECF System | Served Electronically Via the Court's CM/ECF System |
|---|---|
| *Plaintiff, Pro Se:* | *Attorneys for Defendant Affinia Default Services, LLC:* |
| Edward Ivan Giardia<br>20656 Blackhawk Street<br>Chatsworth, California 91311<br><br>Tel.: (818) 201-4167 | Nabeel Zuberi, Esq.<br>McCalla Raymer Leibert Pierce, LLC<br>301 E. Ocean Dr., Suite 1720<br>Long Beach, CA 90802<br><br>Tel. \| Fax: (562) 983-5363<br>Nabeel.Zuberi@McCalla.com |

☒ **BY OVERNIGHT MAIL SERVICE:** I am readily familiar with the firm's practice of collection and processing of correspondence by Golden State Overnight Delivery Services. Under that same practice it would be deposited on that same day in an Golden State Overnight Delivery Services collection receptacle at Pasadena, California, with instructions to bill sender on the label.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on December 3, 2018.

| Carol Leach | */s/ Carol Leach* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |