UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN IVAN GUARDIA, Plaintiff, <br><br> v. <br><br> AFFINA DEFAULT SERVICES, LLC et al., Defendants. | CV 18-8965 DSF (GJSx) <br><br> Order GRANTING Defendants' Motion to Dismiss (Dkt. 8) |

Defendants Wells Fargo, N.A., and Bank of America, N.A. move to dismiss Plaintiff Edwin Ivan Guardia's Complaint in its entirety. Dkt. 8.[1] Defendant Affinia Default Services LLC joins in the motion. Dkt. 12. Plaintiff, proceeding pro se, opposes the motion. Dkt. 19 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The motion is GRANTED.

## I. BACKGROUND

In 2005, Plaintiff borrowed $630,000 from Wells Fargo, memorialized by a note, and secured by a deed of trust recorded against the real property commonly known as 20656 Blackhawk Street, Chatsworth, California. Compl. ¶ 2; DRJN Exs. A, B.

---

[1] Defendants' unopposed request for judicial notice of decisions and orders from unpublished cases and various other public documents is granted.

In 2013, Plaintiff filed suit against Wells Fargo in Los Angeles Superior Court related to the 2005 loan. Id., Ex. G. Wells Fargo demurred, the demurrer was sustained with prejudice, and judgment was entered in Wells Fargo's favor on October 21, 2014. Id., Exs. I, J. Plaintiff appealed, and the judgment was affirmed on September 1, 2016. Id., Exs. K, L.

In February 2016, Plaintiff filed a second civil action against Wells Fargo and Bank of America in Los Angeles Superior Court related to the 2005 loan. Id., Exs. O, P. In May 2017, Wells Fargo and Bank of America filed a motion for summary judgment, and in November 2017, the Superior Court entered an order granting summary judgment.[2] Id., Ex. V. Plaintiff appealed; the appeal remains pending. Id., Ex. W.

Plaintiff now brings a variety of charges against Defendants.

## II.  LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007). But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

[2] After the court granted summary judgment, Plaintiff attempted to file an amended complaint, as well as motions for a new trial. All motions were denied. DRJN Exs. O, S, T, U.

## III. DISCUSSION

### A. Compliance with Local Rule 7-3

In his Opposition, Plaintiff alleges Defendants failed to comply with Local Rule 7-3. Defendants state that they attempted to contact Plaintiff—by both phone and email—before filing the motion. Dkt. 8, at 4. The Court finds Defendants made adequate attempts to confer with Plaintiff before filing the motion. Both parties should make greater efforts to meet and confer before the filing of future motions.

### B. Rule 8 Pleading Requirements

Defendants seek to dismiss Plaintiff's Complaint on multiple grounds, including that the Complaint does not comply with the requirements of Rule 8, and that the claims are precluded. The Complaint contains almost no specific facts about Defendant's conduct. The Court finds Plaintiff's Complaint is, as Defendants note, "vague and ambiguous." Mot. at 6. It falls far short of meeting the pleading requirements of Rule 8.

With respect to whether Plaintiff's claims are precluded, Plaintiff states in his opposition that "he is not bringing the same actions of the events [that] took place before March 28 2018 . . . ." Opp'n at 6. However, given the almost total lack of factual allegations—including dates—in the Complaint, it is impossible for the Court to determine whether Plaintiff has a claim, and if so, whether the claim is precluded by the two prior actions that have gone to judgment.

## IV. CONCLUSION

Defendants' motion to dismiss is GRANTED with leave to amend. Although the Court has not addressed all of Defendants' arguments, Plaintiff should carefully do so before amending his

Complaint.  If Plaintiff chooses to amend his Complaint, he must plead specific facts, rather than legal conclusions couched as facts.

An amended complaint may be filed and served no later than December 31, 2018.  The Court does <u>not</u> grant leave to add new defendants or new claims.  Leave to add defendants or claims must be sought by a separate, properly noticed motion.

IT IS SO ORDERED.

Date: December 10, 2018

*Dale S. Fischer*
Dale S. Fischer
United States District Judge